SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
ERIK BLISS, Cal. Bar No. 184954
ebliss@sheppardmullin.com
HAYLEY S. GRUNVALD, Cal. Bar No. 227909
hgrunvald@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:  619-338-6500
Facsimile:   619-234-3815

JS-6

*Attorneys for Defendant*
*THE SPORTS AUTHORITY*

Evan J. Smith (SBN 242352)
BRODSKY & SMITH, LLC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: 877-534-2590
Facsimile: 310-247-0160

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ARTHUR ACEVEDO, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>TSA STORES, INC.,<br><br>            Defendant. | Case No. CV11-02592 DMG (CWx)<br><br>**FINAL APPROVAL ORDER AND JUDGMENT [35]** |

The Stipulation of Settlement, dated August 8, 2011 (the "Stipulation" or "Agreement"), of the above-captioned action (the "Litigation"), having been presented at the Settlement Hearing on September 26, 2011, which Stipulation was joined in and consented to by all parties to the Litigation and that (along with the terms therein) is incorporated herein by reference; and the Court having found and concluded that notice of said hearing was given in accordance with the Notice Plan

-1-

approved by the Court [Doc. ## 32, 34] and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the settlement of the Litigation, and an opportunity to be heard having been given to all other persons, including all members of the Settlement Class, desiring to be heard as provided in the Notice of Pendency of Class Action, Preliminary Class Action Determination, Proposed Class Action Settlement, and Settlement Hearing and Right to Appear (the "Notice"); and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 30th day of January, 2012 as follows:

1. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the Litigation as a class action for purposes of settlement only, on behalf of a class consisting of all individuals with disabilities who use wheelchairs or other devices for mobility who were denied, are currently denied, or will be denied on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at any of the "Sports Authority" stores owned or operated by TSA Stores, Inc. in California from March 23, 2008 until the expiration of this settlement.  For the purposes of settlement only, Plaintiff Acevedo is certified as representative of the Settlement Class and Plaintiff's Counsel Brodsky & Smith, LLC is designated counsel for the Settlement Class.

2. The Court finds and concludes, for purposes of settlement only, that the requirements of Federal Rule of Civil Procedure 23 have been met.

3. The Court finds and concludes, for purposes of settlement only, that the requirements of the Federal Rules of Civil Procedure 23 and due process have been satisfied in connection with the Notice (as defined in the Stipulation).

4. The Notice has been given to the Settlement Class pursuant to and in the manner directed by the Court, proof of the mailing of the Notice to the

Settlement Class has been filed with the Court and full opportunity to be heard has been offered to all parties, the Settlement Class and all other persons in interest.

5. The Court finds and concludes that the form and manner of the Notice is the best notice practicable under the circumstances and fully complies with each of the requirements of the Federal Rules of Civil Procedure and the Constitution of the United States and any other applicable law and constitutes due and sufficient notice to all persons entitled thereto and the Court further finds and concludes that all members of the Settlement Class are bound by the Order and Final Judgment herein.

6. The Court finds and concludes that the Settlement and all transactions preparatory or incident thereto are fair, reasonable and adequate and in the best interests of the Settlement Class and approves the Settlement and all transactions preparatory or incident thereto pursuant to Federal Rule of Civil Procedure 23. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Litigation.

7. This Final Judgment and Order shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Litigation and should not be deemed to create any inference that there is any liability therefore.

8. The Litigation is hereby dismissed with prejudice as to Defendant TSA Stores, Inc., without costs, except as provided in the Stipulation.

9. All claims for injunctive relief and all claims for damages other than personal injury claims as a result of physical injury, alleged in the Action or which could have been made in the Action based upon allegations that Defendant TSA Stores, Inc. violated any state or federal laws, rules or regulations relating to discrimination on the basis of mobility disability or accessibility of any and all of its

stores or of any and all of its goods, services, facilities, privileges, advantages, or accommodations therein are released and discharged against Defendant TSA Stores, Inc., their predecessors, successors and present and former parents, partners, subsidiaries and affiliates, employees, agents, assigns, representatives, and administrators, by members of the Class.

10.   Dismissal of the released and discharged claims with prejudice and on the merits shall become effective immediately upon the entry of this Order and Final Judgment and without any further action by the Court.

11.   The Court permanently enjoins Plaintiff and all the members of the Settlement Class from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the released or discharged claims in this or any other forum.

12.   Plaintiff Arthur Acevedo is hereby awarded $10,000.00 as an incentive award for his participation as a class representative.

13.   Plaintiff's Counsel are hereby awarded fees and expenses in the aggregate amount of $225,000.00 for their services in the Litigation, which award the Court finds to be fair and reasonable and which Defendant shall cause to be paid to Plaintiff's Counsel in accordance with the terms of the Stipulation.

14.   Without affecting the finality of this Order and Final Judgment, the Court reserves jurisdiction to enforce the Settlement in accordance with the Stipulation.

//
//
//
//
//
//
//

15. The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's Counsel's application for an award of attorneys' fees and expenses.

**IT IS SO ORDERED.**

Dated: January 31, 2012

DOLLY M. GEE
United States District Judge